```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JAMES EARL STINNETT,              )
                                  )
          Petitioner,             )
                                  )
     v.                           )      No. 4:05 CV 424 DJS
                                  )                      DDN
JAMES PURKETT,                    )
                                  )
          Respondent.             )

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the petition of Missouri state prisoner James Earl Stinnett for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

### I. BACKGROUND

On February 11, 2004, petitioner pled guilty to second-degree assault and driving while intoxicated in the Circuit Court of Scott County, Missouri. (Doc. 14, Ex. A at 1.) After pleading guilty, the circuit court sentenced petitioner to seven years imprisonment for the assault charge and four years imprisonment for the DWI charge. The sentences were to run consecutively. ( Id. at 2.)

On May 17, 2004, petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Id. Ex. C.) This motion did not raise any claims. (Id. at 2). Petitioner moved to dismiss his post-conviction litigation (id. Ex. D) and the circuit court granted the motion on October 22, 2004. ( Id. Ex. B at 6.)

On March 16, 2005, petitioner filed his pro se petition for a writ of habeas corpus with this court. Stinnett raises one ground for relief: Construing his petition liberally, see Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004), petitioner alleges he received ineffective

assistance of counsel.[1]

Respondent argues that petitioner defaulted on his claim for ineffective assistance of counsel by failing to raise the issue in his motion for post-conviction relief. The respondent also notes that the petitioner cannot satisfy the test for ineffective assistance of counsel. Respondent urges the undersigned to deny the petition. (Doc. 13.)

## II. DISCUSSION

### A. Exhaustion of State Remedies

To qualify for federal habeas corpus review, a petitioner must fully exhaust all available state remedies for each ground he presents in federal court. See 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Before this court, petitioner has alleged a claim of ineffective assistance of counsel, vague and conclusory as it is. When relief is sought in the Missouri state courts, this ground can only be alleged under Missouri Supreme Court Rule 24.035. See Mo. S. Ct. R. 24.035(a). Further, such a motion must be filed within a limited period of time. See Mo. S. Ct. R. 24.035(b). Even considering the time during which petitioner's original motion was pending in the circuit court (from May 17, 2004, to October 22, 2004), the time period for petitioner now filing a new motion under Rule 24.035 has expired. Therefore, petitioner has procedurally defaulted his right to bring this ground for relief before the Missouri courts.

Failure to raise a claim in the state courts erects a procedural bar to habeas review of the claim in federal court. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997). Petitioner may avoid the procedural bar to federal habeas review, if he can demonstrate legally sufficient cause for the default in the state courts and show actual prejudice resulting from it, or if he can demonstrate that this court's failure to review the claim would result in a fundamental miscarriage of justice. Coleman

---

[1]Petitioner alleges "I do not believe that my lawyer was doing their [sic] job. I do not think that all the facts of the case were brought out to either side." (Doc. 1 at 6.)

<u>v. Thompson</u>, 501 U.S. 722, 750 (1991).

Petitioner's claim for post-conviction relief in his Rule 24.035 motion did not contain any legal claims.  (Doc. 14, Ex. C at 2.) Instead of listing any claim for relief, petitioner simply wrote down his charged offenses.  Also, petitioner did not file any memorandum or brief with his Rule 24.035 motion, which might have clarified his claims for relief.  Petitioner has not provided any legally sufficient cause or other grounds that might excuse his failure to raise any substantive claim at the state level.  And nothing is provided to this court which would indicate that the failure to review his federal ground for relief would result in a fundamental miscarriage of justice.  Accordingly, the federal claim of ineffective assistance of counsel should be denied as procedurally barred.

### III.   RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of James Earl Stinnett for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation.  The failure to file timely written objections may result in a waiver of the right to appeal issues of fact.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 6, 2007.